# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CR-0099-CVE |
| | ) | |
| SLINT KENNETH TATE, | ) | |
| ROBIN TRACY ZUMWALT, | ) | |
| a/k/a Robin Tate, | ) | |
| RACHEL GEORGIA DANLEY, | ) | |
| ASHTON CHASE MANICOM, | ) | |
| JEREMY DALLAS MANN, | ) | |
| MATTHEW STROUD, | ) | |
| TODD ALLEN PRYER, | ) | |
| a/k/a Todd Pryor, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is the defendant Jeremy Dallas Mann's Unopposed Motion to Declare this Case Complex Matter pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161 (h)(7)(B)(ii) (Dkt. # 68). On September 6, 2017, a grand jury returned a sealed indictment charging seven defendants with conspiracy to distribute and to possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine (count one). The alleged conspiracy began in March 2015 and continued until September 2017, and the conspirators allegedly distributed methamphetamine at various locations in Oklahoma. Dkt. # 2, at 5-7. The indictment alleges that Slint Kenneth Tate directed the drug trafficking organization from a state correctional facility located in McAlester, Oklahoma. Id. at 3. In addition to the drug conspiracy charge alleged against all defendants, the indictment alleges a total of 25 counts against certain defendants for the possession of firearms, distribution of methamphetamine, maintaining a drug involved premises, and use of a communication facility to commit a drug trafficking offense. The Court has entered a

scheduling order, inter alia, setting this case for a jury trial on November 20, 2017. Mann has filed a motion requesting that the Court declare this matter a complex case under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (Speedy Trial Act), because the government has produced approximately 19 gigabytes of electronic discovery and it will take defense counsel a substantial amount of time to review the discovery materials. Defendants Robin Tracy Zumwalt, Rachel Georgia Danley, Ashton Chase Manicom, Matthew Stroud, and Todd Allen Pryer do not object to Mann's motion,[1] and counsel for plaintiff also has no objection to the motion. Dkt. # 68, at 1. Each defendant has filed a speedy trial waiver. Dkt. ## 74, 75, 76, 78, 79, 80, 81.

Mann states that it will take counsel for each defendant a substantial amount of time to review the discovery, consult with their clients, and prepare a defense, and Mann asks the Court to declare this matter a complex case under §§ 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act. Dkt. # 68, at 3-5. These sections permit a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the

---

[1] Tate had not made his initial appearance when the motion to declare this matter a complex case was filed, and counsel had not yet been appointed for him. See Dkt. ## 69, 70. Keith Ward has since been appointed to represent Tate, and Tate has filed a speedy trial waiver (Dkt. # 78) stating that he waives his right to a speedy trial up to February 28, 2018.

exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). A court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Mann asks the Court to declare this matter a complex case under the Speedy Trial Act due to the number of defendants and charges, and Mann states that it will take a significant amount of time for defense counsel to review the voluminous discovery materials. Dkt. # 68, at 5. The indictment alleges 25 criminal charges against seven defendants, and the conduct giving rise to the charges occurred over two and a half years. The drug conspiracy charge (count one) alleges that defendants distributed a substantial amount of methamphetamine, and each defendant faces a

3

statutory mandatory minimum sentence of 10 years and a possible maximum sentence of life imprisonment if convicted of count one. Mann states that the government has produced approximately 19 gigabytes of electronic discovery, and the government has also produced audio recordings of intercepted telephone calls from over a two year period. Mann requests a 90 day continuance of all deadlines in the scheduling order. The Court finds that Mann's request to declare this matter a complex case is reasonable in light of the complexity and seriousness of the charges against defendants and the voluminous discovery materials produced by the government. The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from defendants' interest in receiving a speedy trial. Zedner v. United States, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against defendants' interest of having adequate time to prepare for trial. Under these circumstances, defendants' interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by granting Mann's request to declare this matter a complex case under the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that Mann's Unopposed Motion to Declare this Case Complex Matter pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161 (h)(7)(B)(ii) (Dkt. # 68) is **granted**. **This case is declared complex**. All deadlines in the scheduling order (Dkt. # 71), including the jury trial set for November 20, 2017, are **stricken**.

4

**IT IS FURTHER ORDERED** that the scheduling order is amended as follows:

| | |
|---|---|
| Motions due: | January 8, 2018 |
| Responses due: | January 22, 2018 |
| PT/CP/Motions Hearing: | **February 8, 2018 at 10:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | February 12, 2018 |
| Jury Trial: | **February 20, 2018 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time from November 20, 2017, inclusive, to February 20, 2018, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 17th day of October, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE